IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMIE C. LATTIN,

    Plaintiff,

v.                                                                                                 No. 20-CV-1030 NF/KHR

THE FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

## SETTLEMENT AGREEMENT

    By and through their respective counsel, Defendant the Federal Bureau of Investigation ("Defendant") and Plaintiff Jamie C Lattin ("Plaintiff") hereby agree to settle and compromise the civil action captioned, *Jamie C Lattin v. Federal Bureau of Investigation,* Civ. A. No. 20-1030 (D.N.M.) (the "Civil Action"), under the terms and conditions set forth in this Settlement Agreement (the "Agreement").

    1.    Defendant shall pay Plaintiff a lump sum of twelve thousand dollars ($12,000.00) for attorney fees and other litigation costs reasonably incurred in this matter (the "Settlement Payment"). The Settlement Payment shall be made by an electronic funds transfer as specified in instructions provided to Defendant's undersigned counsel by Plaintiff in writing. Defendant will effectuate the payment promptly after the receipt of such instructions by Defendant's counsel.

    2.    Plaintiff hereby fully and forever releases and discharges the Defendant, the United States, and their present or former officials, employees, and agents, in their official and individual capacities, from any and all rights or claims arising from the allegations in the Complaint filed in

the Civil Action, including all claims for attorney fees and other litigation costs that have been, or could have been, made in the Civil Action. Without limiting the generality of the foregoing, this release encompasses, resolves, and satisfies all claims, including all claims for attorney fees and other litigation costs, in connection with all facets of this Freedom of Information Act matter, from the initial submission of Plaintiff's records request(s) through and including any litigation, as well as any other proceedings involving claims that were or could have been raised in the Civil Action. Plaintiff agrees to forever release and discharge her claims under FOIA request 1433109-000 (filed on or around April 2, 2019) for disclosure of the records, or portions of records, sought in the Civil Action. Nothing in this Agreement, however, shall preclude the Plaintiff, from exercising her statutory rights under the FOIA to file different FOIA requests.

3. This Agreement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by any Party of the merit or lack of merit of an opposing Party's claims or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission of liability or fault on the part of the Defendant or the United States or their present or former officials, employees or agents, or as an admission of any contested fact alleged by Plaintiff in connection with the Civil Action or otherwise. This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant or the United States or any of their present or former officials, employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

- 3 -

4.   This Agreement contains the entire agreement between the Parties hereto and supersedes all previous agreements, whether written or oral, between the Parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection herewith.

5.   The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver, or by such party's counsel.

6.   The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

7.   Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

8.   The Parties understand and agree that this Agreement, including all the terms and conditions of the compromise settlement herein and any additional agreements or undertakings relating thereto, may be made public in it its entirety.

9.   This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile, electronic or other duplicate of a signature shall have the same effect as a manually-executed original.

10.  This Agreement shall be governed by the laws of the United States and the District of Columbia without regard to the choice of law rules utilized in that jurisdiction.

11.    Upon execution of this Agreement by all Parties hereto, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns.

Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion.  This Agreement is effective when signed by all parties hereto.

                    Respectfully Submitted,

                    **FRED J. FEDERICI**
                    **Acting United States Attorney**

By: _____
       MANUEL LUCERO
       Assistant United States Attorney
       P.O. Box 607
       Albuquerque, NM 87103
       (505) 346-7274
       manny.lucero@usdoj.gov

**ROBLES, RAEL & ANAYA, P.C.**

By: _____ 1/21/22
       Philomena Hausler
       Luis Robles
       500 Marquette Ave., NW, Suite 700
       Albuquerque, New Mexico 87102
       (505) 242-2228
       (505) 242-1106 (Facsimile)
       luis@roblesrael.com
       philomena@roblesrael.com
       *Attorneys for Plaintiff*